Filed by MM D.C.

ELECTRONIC

**Nov. 18, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ELICET L. PIERRELUS,                    **09-CV-14386-Graham/Lynch**

      Plaintiff,

v.

CREDITORS COLLECTION BUREAU, INC.
D/B/A CCB, INC.,

      Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.      Plaintiff, ELICET L. PIERRELUS, is a natural person, and citizen of the State of Florida, residing in Martin County, Florida.

4.      Defendant, CREDITORS COLLECTION BUREAU, INC. D/B/A CCB, INC., is a corporation and citizen of the State of Illinois with its principal place of business at Suite C., 755 Almar Parkway, Bourbonnais, Illinois 60914.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.      Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

November 18, 2008 – Pre-recorded Message
Come to the phone, please press 2. If this person is not available, please press 3. To repeat this menu, please press 4.

February 3, 2009 – Pre-recorded Message

2

To come to the phone, please press 2. If this person is not available, please press 3. To repeat this menu, please press 4.

March 24, 2009 – Pre-recorded Message
Person to come to the phone, please press 2. If this person is not available, please press 3. To repeat this menu, please press 4.

11.    Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.    Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.    Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.     Defendant failed to disclose in the telephone messages that it is a debt

collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.

Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs.,

2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

    a.      Damages;

    b.      Attorney's fees, litigation expenses and costs of suit; and

    c.      Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.     Plaintiff incorporates Paragraphs 1 through 17.

21.     Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose its name, that it is a

debt collector, and the purpose of Defendant's communication in the telephone

messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group,*

4

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.     Damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     declaring that Defendant's practices violate the FCCPA;

      d.     permanently injoining Defendant from engaging in the complained of practices; and

      e.     Such other or further relief as the Court deems proper.

**COUNT VI**
**HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER**
**COLLECTION PRACTICES ACT**

28.    Plaintiff incorporates Paragraphs 1 through 17.

29.    By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

        b.     Attorney's fees, litigation expenses and costs of suit;

        c.     declaring that Defendant's practices violate the FCCPA;

        d.     permanently injoining Defendant from engaging in the complained of practices; and

        e.     Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.     Plaintiff incorporates Paragraphs 1 through 17.

32.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

        a.     Damages;

b.    a declaration that Defendant's calls violate the TCPA;

c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this _18_ day of November, 2009.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By:_____
> Donald A. Yarbrough, Esq.
> Florida Bar No. 0158658

9

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Elicet L. Pierrelus | Creditors Collection Bureau, Inc. d/b/a CCB, Inc. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **MARTIN** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) |
|---|---|
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842 FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000 | 09 CV 14386 *Graham/Lynch* |

**(d)   CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II.   BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III.   CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) | |
|---|---|---|---|---|---|---|
| | | PTF | DEF | | PTF | DEF |
| ☐ 1. U.S. Government Plaintiff   ☒ 3. Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| ☐ 2. U.S. Government Defendant   ☐ 4. Diversity (Indicate Citizenship of Parties in Item III) | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

| IV.   CAUSE OF ACTION | (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.) |
|---|---|

| IVa.   __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act |
|---|

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine   **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability   ☐ 370 Other Fraud | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 350 Motor Vehicle   ☐ 371 Truth in Lending B | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability   ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | | |
|---|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court | ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled   ☐ 5. Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ CLASS ACTION No UNDER F.R.C.P. 23 | DEMAND $ N/A | ☐ Check YES only if demanded in complaint   JURY DEMAND: | ☒ YES ☐ NO |
|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: November __, 2009   SIGNATURE OF ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY: Receipt No._____ | Amount:_____ |
|---|---|---|
| S/F 1-2 REV. 9/94 | Date Paid:_____ | M/ifp:_____ |

548118

LINP/266449/5pld011.DOC/11/16/09/26094.010400